*volved.* The question of assumed risk is not involved where the relation of master and servant does not exist.

5. APPEAL AND ERROR, § 1411*—*when verdict not disturbed where evidence conflicting.* In an action to recover for personal injuries alleged to have been caused by negligence, the verdict will not be disturbed where the evidence is conflicting.

6. APPEAL AND ERROR, § 1466*—*when calling widow of plaintiff's decedent not reversible error.* In an action for personal injuries to one who died before trial, the fact that his widow was called as a witness is not reversible error on the ground that it influenced the amount of the verdict, where the only fact to which she testified was that she was his widow and it was shown by other witnesses that he was married at the time of his death.

John Guminski, Appellee, v. Robert Tarrant, Appellant.

Gen. No. 20,669.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 25, 1915.

Statement of the Case.

Action by John Guminski, plaintiff, against Robert Tarrant, defendant, for personal injuries.

From a judgment for plaintiff for five thousand dollars, defendant appeals.

Plaintiff had been employed for nearly three years by defendant prior to his injury. He operated a drill press, helped build scaffolds, swept floors, repaired belts and did general work.

At the time of the injury plaintiff was working by himself, repairing a belt which ran horizontally along the ceiling of the factory from the main shaft to a countershaft about twenty-five feet. He reached the belt by means of a ladder upon which he stood while

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

engaged in the work. The belt had been drawn off the pulley onto the shaft and was so slack as it lay on the shaft that it did not turn as the shaft revolved. It was further prevented from turning with the revolving shaft, while the plaintiff was making the repairs, by means of a monkey wrench which had been fastened on the west edge of the belt about fourteen inches from the shaft, holding the two strands of the belt together. The shaft ran east and west and the belt north and south. He was between the two shafts near the north shaft. In some manner his hand was caught between the belt and shaft or pulley and the injury resulted. There was a conflict in the evidence as to how his hand was caught.

The cause was submitted to the jury on five counts. The first and fifth counts were based respectively upon common-law liability. After the plaintiff rested his case, all but the second count were abandoned. Two other counts, called amended counts, were then filed. An amended count was also filed in place of the fifth count. A separate plea of the general issue and of the statute of limitations was filed instanter to both the amended counts. The court sustained the plaintiff's demurrer to the plea of the statute of limitations to both counts.

The defendant's theory of the case was that the plaintiff was free to use and did use his own methods in repairing the belt, and the fact that he was engaged to repair the belt was itself notice to him that the belt was out of repair. The plaintiff relied upon the negligent order and nonrealization of danger and specific directions as to how the belt should be repaired.

Defendant contended that the original first count was based upon a violation of a statute, and that the amended first count was based upon the common-law liability, and introduced a new cause of action, and was barred by the statute of limitations.

It was further contended that the evidence showed that the accident did not and could not have happened

as the plaintiff claimed; that when the plaintiff was hurt and called for help, the ladder on which he was standing was in an entirely different position from its position at the time he was repairing the belt; that the top of the ladder was leaning against a trussrod that helps to support the center of the beam which runs through the ceiling. The top of the ladder was slanting towards the north and the bottom was slanting south, so that a person standing upon the ladder would be facing north, whereas the ladder, while the plaintiff was engaged in repairing the belt, was leaning towards the east, and it was argued that the plaintiff had finished repairing the belt and was engaged in putting it on the pulley at the time his hand was caught. There was some slight variance between the testimony of the plaintiff and the plaintiff's witnesses as to the manner in which the plaintiff's arm was caught by the belt, and crushed and injured over the revolving shaft, the controversy being as to whether it was carried under the shaft or pulley or was wound over the shaft or pulley by the belt. Plaintiff was alone when the accident happened, and no other person saw the accident.

The court refused to give the defendant's third instruction, which read as follows:

"The court instructs the jury that if you believe from the evidence that the plaintiff was not injured while making repairs to the belt in question, but was injured after he had finished making said repairs and while he was placing the repaired belt back upon the pulley, then the plaintiff cannot recover as to the second count of his declaration, and as to said second count you should find for the defendant."

The second count was the only count left in the declaration based on an alleged violation of the statute relating to making repairs on active mechanism or operative part of any machine when it is in motion. It is predicated on the last sentence of section 1 of the Hazardous Machinery Act, Laws of 1909, p. 202 (J. & A. ¶ 5386).

The plaintiff was permitted to exhibit his forearm and hand to the jury over the objection of the defendant. It was urged by the defendant that there was no issue or controversy in the case as to the nature and extent of the injury, and that the exhibition of the plaintiff's hand and arm to the jury was calculated to highly inflame the minds of the jury and not to prove any issue of fact in the case.

BULKLEY, MORE & TALLMADGE, for appellant.

ELMER, COHEN & BELASCO, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 259*—*when new cause of action not introduced by amendment.* Pleadings examined and amendment *held* not to introduce a new cause of action.

2. APPEAL AND ERROR, § 1401*—*when verdict not disturbed when not against weight of evidence.* Where the verdict cannot be said to be against the weight of the evidence, on questions of fact, it will not be disturbed.

3. APPEAL AND ERROR, § 1560*—*when refusal to give instruction not based on evidence not error.* Where there is no evidence in the record upon which an instruction could be predicated, the refusal to give it is not error.

4. APPEAL AND ERROR, § 1466*—*when exhibition of injured members to jury not error.* In an action for personal injuries, where the testimony as to the nature and permanence of the injury are such as to make it appear that the jury were not improperly influenced in fixing their verdict by the exhibition of plaintiff's injured members to them, the exhibition of such members is not ground for reversal.

5. MASTER AND SERVANT, § 375*—*when knowledge of defect does not prevent recovery by servant.* Even though an employee knows of the defective condition of a belt, where he does not know or appreciate the danger that the belt may be caught upon a revolving shaft, he is not precluded from recovering for injuries caused by its catching.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.